51 CCPA

**KOEPPEL METAL FURNITURE CORP.,
Assignee of Koeppel Steel Products,
Inc., Appellant,**

v.

**The DUNLEAVY COMPANY, Appellee.
Patent Appeal No. 7086.**

United States Court of Customs
and Patent Appeals.

March 12, 1964.

Rehearing Denied May 8, 1964.

**940**

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

SMITH, Judge.

Out of what appellant has effectively characterized as "an amazing variety of proceedings in the Patent Office," a determinative issue appears to have materialized. The Trademark Trial and Appeal Board awarded priority in the mark "FILEX" to appellee in an opinion (134 USPQ 450) containing an extensive historical review of these proceedings, in which, as appellant so aptly puts it, "Interferences, Orders and a cancellation proceeding appeared, disappeared and reappeared in dazzling succession."

It is essential in resolving the issue in this appeal to recognize that the only proceeding here relevant is the latest interference proceeding, and the only matter properly appealable in that proceeding is the board's award of priority to appellee, in its opinion dated June 15, 1962. It would but confuse the issue to review here the almost incredible administrative and procedural morass reflected in the present record. It is sufficient merely to set forth the ultimate facts, which are not in dispute and which we think are determinative of the only issue properly before us, i. e., was appellee entitled to the award of priority?

It was found by the Trademark Trial and Appeal Board that appellee was the first user of the mark "FILEX", and this finding is not challenged by appellant. It is appellant's position, however, that despite this fact, an award of priority to appellee was barred because appellant had secured registration of the mark,[1] which registration appellant contends had become "incontestable" under the conditions specified in section 15 of the Trademark Act of 1946 (15 U.S.C. § 1065). Thus, appellant argues, the mark could not properly be put into interference in view of the express provision of section 16 of the Act (15 U.S.C. § 1066) that "No interference shall be

Keith, Isner, Byrne, Des Marias & Chandler, John P. Chandler, New York City, for appellant.

Blair & Buckles, Robert A. Townsend, Boston, Mass. (John F. McKenna, Boston, Mass., of counsel), for appellee.

---

1. Trademark Reg. No. 558,064, registered April 22, 1952.

declared between an application and the registration of a mark the right to the use of which has become incontestable."

We think, however, the Trademark Trial and Appeal Board was correct in its statement that

" * * * the declaration of this interference was specifically authorized in accordance with the authority vested exclusively in the Commissioner by the first sentence of Section 16 of the Act as implemented by Rule 2.91(c); and *since the Board was directed by the Assistant Commissioner in accordance with Section 17 of the Statute to determine the rights of the parties in this proceeding, the Board is without authority to question the propriety of the Assistant Commissioner's action in declaring the instant interference* and is compelled to determine this proceeding on the merits." [Emphasis added.]

On the merits the board then ruled as follows:

"Turning now to a consideration of the proofs herein, the record fails to conclusively establish use by Dunleavy of 'FILEX' or 'THE FILEX LINE' for filing cabinets at or prior to the time of Koeppel's adoption and use of 'FILEX' for such goods. The record does show, however, and it is conceded by Koeppel, that Dunleavy has used the trademark 'FILEX' for filing supplies from a date prior to Koeppel's first use of 'FILEX' for filing cabinets. In view thereof and since, according to the documentary exhibits of record, Dunleavy's filing and card index supplies are intended for use, inter alia, in filing cabinets, purchasers are more than likely to assume that Koeppel's 'FILEX' filing cabinets emanate from the long-time seller of 'FILEX' filing supplies and 'THE FILEX LINE' of filing supplies. It is therefore concluded on the record herein, that *as between the parties in this proceeding, Dunleavy pos-*

*sesses rights in 'FILEX' superior to those of Koeppel."* [Emphasis added.]

Appellant's principal assertion is that the Patent Office, throughout these proceedings, has ignored the incontestable rights in the mark which were gained, appellant alleges, by filing its affidavit pursuant to section 15. In essence, therefore, appellant's argument is directed toward the propriety of the Commissioner's declaration of the new interference. The thrust of the argument is that the *Commissioner* erred in allowing a supposedly "incontestable" mark to be contested. However, such a decision or order of the Commissioner was not before the board in this proceeding and it may not be collaterally attacked in an appeal from the present decision of the Trademark Trial and Appeal Board. Section 21 of the Act of 1946 (15 U.S.C. § 1071) provides for appeal to this court from Commissioner's decisions as well as those of the board. No such appeal having been taken, we have no authority to review, in this proceeding, the propriety of the declaration of the interference.

The only remaining substantive question is whether appellee is entitled to registration of the marks set forth in its three applications on the basis of use prior to appellant. The Patent Office has, several times during the course of these proceedings, found priority of use in appellee. There is nothing in the record to indicate that these findings were erroneous.

Appellee has also challenged appellant's reasons of appeal as being insufficient. We find, however, that they adequately raise the issue herein decided. Accordingly, appellee's motion to dismiss the appeal is denied.

Prior to the hearing of this case, appellee's motion to correct diminution of record was granted and the assessment of the cost of printing the additional material was deferred until final disposition of the appeal. We find that the addition-

942

al material was properly included in the record and we therefore assess the costs of printing it against appellant.

The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.